**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.:_____**

| | |
|---|---|
| Kelly N. Anderson, | |
| Plaintiff, | |
| vs. | |
| Summit Account Resolution, a domestic corporation, | **COMPLAINT** |
| Defendant. | **JURY TRIAL DEMANDED** |

**JURISDICTION**

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d) and under 28 U.S.C. § 1367 for pendent state law claims.

2.  This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), Defendant's Invasion of Plaintiff's Privacy by Intrusion Upon Seclusion, Defendant's Invasion of Plaintiff's Privacy by Public Disclosure of Private Facts and Defendant's Negligent Hiring.

3.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

**PARTIES**

4.  Plaintiff Kelly N. Anderson (hereinafter "Anderson" or "Plaintiff"), is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Summit Account Resolution (hereinafter "Summit" or "Defendant"), is a domestic corporation that operates as a debt collection agency from an address of 12201 Champlin Drive, Champlin, Minnesota 55316.  Summit is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.      Plaintiff allegedly incurred a financial obligation with Champlin Family Dental, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7.      The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8.      Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant Summit for collection from Plaintiff sometime prior to January of 2009.

9.      Beginning sometime in January of 2009 and continuing through December of 2009, Steve Sherman (hereinafter "Sherman"), who was employed by Summit at all times relevant herein, contacted Plaintiff by telephone every three to four days in an attempt to collect this debt.  Each of these contacts was a communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10.     Each time that Sherman contacted Plaintiff, he would call her at her work telephone number and then immediately thereafter on her cellular telephone number.

11.  In the event that Plaintiff did not answer her work telephone number or her cellular telephone number, Sherman would leave Plaintiff a voicemail on both her cellular telephone number and work telephone number.

12.  In each of these voicemails, Sherman failed to provide the name of the company that he worked for in violation of 15 U.S.C. § 1692d and § 1692d(6).

13.  Specifically, for example, on or about October 7, 2009, Sherman left the following voicemail on Plaintiff's work telephone voicemail:  "Kelly Anderson.  This is Steve Sherman.  This is an attempt to collect a debt. Any information will be used for that purpose.  Return my call at 763-712-3709."

14.  During this time period, Plaintiff continuously told Sherman that he could not call her at work and that she was not supposed to take personal telephone calls while she was working.

15.  Specifically, for example, on or about October 22, 2009, Sherman contacted Plaintiff at work and the telephone conversation went as follows:

Sherman:   "Kelly, this is Steve Sherman from Summit."

Plaintiff:   "You are not allowed to call me at work. I've told you this before.  This is a recorded line and my work does not allow this."

Sherman:   "You need to give me another contact number so I can get a hold of you then."

Plaintiff:   "You have my cell. It's 612-203-****."

Sherman:   "Well you need to speak to me."

3

Plaintiff:      Plaintiff then hung up the telephone.

16. These telephone conversations at Plaintiff's employment caused her extreme stress, anxiety and embarrassment.  As a result, Plaintiff began having trouble at work and she was having trouble sleeping at night.

17. Plaintiff's co-workers and her manager overheard these numerous telephone conversations with Sherman. As a result, Plaintiff's co-workers and her manager knew that a debt collector was calling her and that she was having debt problems.

18. During this time period, despite being told not to contact Plaintiff at work, Sherman continued to contact Plaintiff on her work number in violation of 15 U.S.C. § 1692c(a)(2), § 1692d, § 1692d(5) and § 1692f.

19. Specifically, for example, Sherman contacted Plaintiff on her work number on November 4, 2009, November 6, 2009, November 9, 2009, November 12, 2009, November 16, 2009, November 19, 2009, November 23, 2009, November 30, 2009, December 3, 2009, December 7, 2009, and December 14, 2009.

20. During this time period, Sherman would periodically call Plaintiff's mother on her cellular telephone number in violation of 15 U.S.C. § 1692c(b).

21. Plaintiff has suffered actual damages as a result of these illegal collection efforts and communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions.

22. Plaintiff has incurred out-of-pocket expenses as a result of these illegal collection efforts.

**Respondeat Superior Liability**

4

23.    The acts and omissions of Defendant's employee, who was employed as an agent by Defendant Summit, and who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of his agency relationship with his principal, Defendant Summit.

24.    The acts and omissions by Defendant's employee were incidental to, or of the same general nature as, the responsibilities the agent was authorized to perform by Defendant Summit in collecting consumer debts.

25.    By committing these acts and omissions against Plaintiff, Defendant's employee was motivated to benefit his principal, Defendant Summit.

26.    Defendant Summit is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employee, including but not limited to violations of the FDCPA and Minnesota law, in its attempts to collect this alleged debt from Plaintiff.

### TRIAL BY JURY

27.    Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

### CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

28.     Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

29.     The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 et. seq.

30.     As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

31.     As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

32.     As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## COUNT II.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

33.     Plaintiff incorporates by reference each and every above paragraph as though fully stated herein.

34.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

*Abusive debt collection practices contribute* to the number of personal bankruptcies, to marital instability, to the loss of jobs, and *to invasions of individual privacy*.

15 U.S.C. § 1692(a) (emphasis added).

35. Defendant intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff.

36. Defendant intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

37. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and private concerns or affairs.

38. The conduct of Defendant in engaging in the above-described illegal attempts to collect this debt resulted in multiple intrusions and invasions of privacy by Defendant, which occurred in a way that would be highly offensive to a reasonable person in that position.

39. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant under the doctrine of Respondeat Superior liability.

## COUNT III.

## INVASION OF PRIVACY BY PUBLIC DISCLOSURE OF PRIVATE FACTS

40. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

7

41.   Defendant published a private fact of Plaintiff by disclosing to Plaintiff's co-workers that Plaintiff owed a debt.

42.   Defendant's publication of a private fact was about Plaintiff.

43.   Defendant disclosed a true but private fact.

44.   Defendant's publication of a private fact about Plaintiff was of a kind and was expressed in a manner that would be offensive to a reasonable person; and

45.   Defendant's publication of a private fact about Plaintiff caused harm to Plaintiff.

## COUNT IV.

## NEGLIGENT HIRING

46.   Plaintiff incorporates by reference each and every above paragraph as though fully stated herein.

47.   Defendant owed Plaintiff the duty of hiring individuals appropriate for the job.

48.   Defendant was negligent in its hiring of employees.

49.   Defendant knew or should have known that its employees posed a threat of harm to others.

50.   Plaintiff was harmed as a result of the employees hired by Defendant and its failure to properly handle collection of this debt from Plaintiff.

51.   Plaintiff has been seriously damaged as a result and is entitled to her damages, costs and attorneys fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

## COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;

- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;

- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial;

## COUNT II: INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- For an award of actual and compensatory damages from Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy  in a reasonable amount in excess of $50,000.00; and

- For such other and further relief from Defendant as may be just and proper.

## COUNT II: INVASION OF PRIVACY BY PUBLIC DISCLOSURE OF PRIVATE FACTS

- For an award of actual and compensatory damages from Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy  in a reasonable amount in excess of $50,000.00; and

- For such other and further relief from Defendant as may be just and proper.

## COUNT IV: NEGLIGENT HIRING

- For actual and compensatory damages for the Negligent Hiring of its employees

  against Defendant, in a reasonable amount in excess of $50,000.00; and

## SUCH OTHER RELIEF

- For such other and further relief as may be just and proper.

Dated:  December 21, 2009.        MARSO AND MICHELSON, P.A.


By:    s/Patrick L. Hayes
         Patrick L. Hayes
         Attorneys for Plaintiff
         Attorney I.D. No.:0389869
         3101 Irving Avenue South
         Minneapolis, Minnesota 55408
         Telephone: 612-821-4817
         Email: phayes@marsomichelson.com

Dated:  December 21, 2009.        MARSO AND MICHELSON, P.A.


By:    s/William C. Michelson
         William C. Michelson
         Attorneys for Plaintiff
         Attorney I.D. No.: 129823
         3101 Irving Avenue South
         Minneapolis, Minnesota 55408
         Telephone: 612-821-4817